MICHAEL P. MANGAN (MM-5773)
MANGAN GINSBERG LLP
80 Maiden Lane, Suite 509
New York, New York 10038
Phone (212) 248-2171
Fax: (212) 248-2155
*Attorneys for Marlow Scott*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARLOW SCOTT

                Plaintiff,

         - against –

THE CITY OF NEW YORK, P.O. JOHN MARCANTONIO,
P.O. IVAN VILLAANUEVA and JOHN DOE Police Officers
A–F, the name "DOE" being fictitious and intended to represent
those police officers involved in the false arrest and excessive
force used against Marlow Scott,

                Defendants.

COMPLAINT

JURY DEMAND

Plaintiff, by his attorneys, Mangan Ginsberg, LLP, for his Complaint against the Defendants, alleges, at all times material herein that:

NATURE OF THE ACTION

1)   This is a civil rights action for false arrest and excessive force used against Plaintiff Marlow Scott by New York City Police Department officers on October 11, 2012. Plaintiff was inside a friend's home comforting an emotionally disturbed person when the police arrived after being called by another friend for assistance with an emotionally disturbed person. For no reason, Marlow Scott was arrested and suffered physical and emotional injuries due to the arrest and excessive force used. All charges against Marlow Scott were dismissed after he spent one night in jail.

## VENUE AND JURISDICTION

2) This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and pursuant to New York State tort law and the New York State Constitution.

3) Jurisdiction is founded on the existence of a Federal question, and a question arising under an Act of Congress, U.S.C. Title 42, § 1983, as hereinafter more fully appears.

4) Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## PARTIES

5) Plaintiff MARLOW SCOTT is a resident of the State of New York, County of Queens.

6) Defendant CITY OF NEW YORK (hereinafter referred to as City) is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

7) Upon information and belief, Defendant P.O. JOHN MARCANTONIO, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities.

8) Upon information and belief, Defendant P.O. IVAN VILLAANUEVA, is a New York City Police Officer and was an NYPD Police Officer at the time of the events described herein and acted in his official and individual capacities.

9) Defendants "John Does" are, upon information and belief, New York City Police Department Officers involved in Marlow Scott's arrest on October 11, 2012.

10) All Defendants were acting under the color of law at all times alleged herein.

11) The City at all times material herein was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, detectives, agents and/or employees of the New York City Police Department.

## FACTS

12) On October 11, 2012, at about 9:30 p.m., Marlow Scott was called by "Sister Gordon," a member of Marlow Scott's church, to assist her with her son who she understood to be emotionally disturbed. Sister Gordon asked Marlow Scott to hurry to her home located at 177th Street in Queens because her son had threatened to harm himself.

13) Marlow Scott immediately drove to Sister Gordon's home and arrived at approximately 9:45 p.m., and discovered that numerous other church members were already present and physically restraining her son on the living room floor.

14) At some point after Marlow Scott arrived, Sister Gordon, or one of the other church members called the New York Police Department for their assistance with an emotionally disturbed person.

15) While Marlow Scott was present and before the police arrived, the son was calmed downed and seated beside Marlow on the living room couch.

16) When approximately six uniformed N.Y.P.D. Officers arrived at the home and entered the living room, at the invitation of those inside, Marlow Scott was seated beside the son on the living room couch with his arms around the son to comfort him. Upon seeing the police, the son became agitated and begged the police officers to shoot him.

17) The police officers then unjustifiably grabbed Marlow Scott along with the son. During the police officers' attempt to arrest Marlow Scott, an officer punched him in the right temple and knocked him down.

18) A police officer handcuffed Marlow Scott, and he was taken into custody, arrested and charged.

19) Marlow Scott was charged with: (1) Assault in the Third Degree [NYPL § 120.00-2]; (2) Obstructing Governmental Administration in the Second Degree [NYPL § 195.05; (3) Resisting Arrest [NYPL § 205.30]; *and* (4) Disorderly Conduct [NYPL § 240.20-1].

20) Marlow Scott was arraigned in Queens County Criminal Court and released from jail at approximately 7:00 p.m. on October 12, 2012, after spending approximately twenty-one hours in police custody, and missing a day of work.

21) Marlow Scott was treated at Jamaica Hospital's Emergency Department on or about October 13, 2012 for neck and back injuries caused by the Defendants.

22) All charges were dismissed pursuant to an Adjournment in Contemplation of Dismissal ("ACD") in March 2013.

23) Marlow Scott endured anxiety and emotional distress, as well as physical injury due to the actions of the Defendants.

## As and For a First Cause of Action

### False Arrest Under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983

24) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

25) Plaintiff was falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against his will.

26) Defendants violated the protections guaranteed to Marlow Scott as a citizen of the United States by arresting, detaining, imprisoning and kidnapping him without probable cause.

27) Defendants committed this false and unlawful arrest, imprisonment, detention, search and deprivation of liberty while knowing that they did not have probable cause, knowing that

these acts were unlawful and knowing that these acts were without justification and Defendants engaged in these acts to intentionally violate the Plaintiff's rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the Plaintiff's rights, privileges and immunities secured by the United States Constitution.

28) All Defendants acted under color of law.

29) Defendants apprehended Plaintiff based upon improper reasons.

30) The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

31) The City of New York violated protections guaranteed to Plaintiff as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers and correctional officers who arrested, detained, imprisoned, humiliated and physically injured the Plaintiff.

32) All Defendants are liable for said damages and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## As and For a Second Cause of Action

### Excessive Force Under the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983

33) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

34) Defendants used excessive force in detaining Marlow Scott, by unnecessarily striking him in the face, throwing him to the ground, using tightened restraints for excessive periods of time, and holding him in detention for an excessive period of time, in violation of the Fourth Amendment.

35) Defendants committed battery against Marlow Scott in that they actually struck or touched him without his consent in a violent, angry, offensive, or otherwise harmful manner.

36) Defendants' intent to injure concurred with the use of unlawful violence upon Marlow Scott. The intended injuries were to Marlow Scott's mind, emotions, and his body.

37) All Defendants acted under color of law.

38) The City of New York violated protections guaranteed to Marlow Scott as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process and/or on the basis of race.

39) The City of New York violated protections guaranteed to Marlow Scott as a citizen of the United States by failing to train, failing to supervise, failing to discipline and negligently hiring the police officers who conducted these acts of violence, assault, battery and excessive force.

40) All Defendants are liable for said damages and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## As and For a Third Cause of Action

### Assault and Battery
### Under New York State Law Pursuant to 28 U.S.C. § 1367

41) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

42) Defendants battered and assaulted Marlow Scott by striking him in the face, throwing him to the ground, and placing him in handcuffs. Such physical contact was unconsented and unjustifiable.

43) Defendants intended to injure the mind, emotions, and body of Marlow Scott.

44) All Defendants acted under color of law.

45) The City of New is vicariously liable for the acts of its agents when these acts fall within the scope of the agents' employment.

46) Defendants P.O. John Marcantonio, P.O. Ivan Villaanueva, and JOHN DOES A–F acted as agents of the City, and in their individual capacities.

47) All Defendants are liable for said injuries pursuant to Tort law of the State of New York.

### AS AND FOR A FOURTH CAUSE OF ACTION

NEGLIGENT HIRING, SUPERVISION, TRAINING AND FAILURE TO DISCIPLINE
UNDER NEW YORK STATE LAW PURSUANT TO 28 U.S.C. § 1367

48) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

49) The City of New York knows of the likelihood that its police officers make false arrests without probable cause, knows that its police officer employees have the propensity to falsely charge and maliciously prosecute its citizens, know that its police officers have the propensity to defame its citizens, but has failed to protect citizens from this conduct by negligently hiring, failing to properly screen candidates for employment, failing to train, failing to supervise and failing discipline its police officers.

50) As a result, Marlow Scott was falsely arrested, illegally searched, and was otherwise injured to his mind, emotions, and body.

51) Plaintiff was injured due to the failure of the City of New York, through the N.Y.P.D., to properly hire, screen, train, supervise and discipline its officers, including the Defendant officers.

52) The City of New York is liable to Marlow Scott for his injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining, pursuant to Tort law of the State of New York.

## As and For a Fifth Cause of Action

### *Monell* Claims Against the City for Failing to Train and Supervise Police Officers

53) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

54) The City of New York, through the New York City Police Department, maintains a policy that its police officers should circumvent the privileges and immunities conferred upon its citizens by the United States Constitution, and specifically, the Fourth Amendment, by encouraging police officers to make unlawful arrests without probable cause, and to file and maintain false charges against its citizenry.

55) The City has known of the likelihood that its police officers make arrests based on racial profiling or by other error, has known of their propensity towards arresting on baseless charges, but has failed to protect citizens from these unlawful acts by failing to properly and sufficiently train, discipline, supervise and negligently hire its police officers.

56) Not only does the City know of its officers to make these false arrests, and to maintain false charges, but it encourages its officers to do so as a "cost of doing business" by living in certain areas of New York City. Unfortunately, most of these areas are poor areas, where the citizens do not have mobility or the same availability of choices to live somewhere else.

57) The City of New York is liable to Scott Marlow for his injuries sustained as a result of negligent hiring, screening, training, supervision and disciplining by the policies of the City of New York.

## PRAYER FOR RELIEF

58) WHEREFORE, Plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

(a) Special and compensatory damages in the amount of one hundred-thousand dollars ($100,000);

(b) Punitive damages in the amount of four hundred-thousand dollars ($400,000);

(c) Reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; *and*

(d) Such other and further relief as this Court deems just, proper and equitable.

Dated: New York, New York
       January 2, 2014

MANGAN GINSBERG, LLP

By:  Michael P. Mangan (MM-5773)
*Attorney for Plaintiff*
80 Maiden Lane, Suite 509
New York, NY 10038
Phone (212) 248-2171
Fax: (212) 248-2155